UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MILLER,

    Plaintiff,

v.                                              Case No. 1:12-CV-819

DOREX MINERALS INC.,                  HON. GORDON J. QUIST

    Defendant.
                            /

## **OPINION**

### *Background*

Plaintiff, William Miller, filed a two-count Complaint on August 7, 2012, against Defendant, Dorex Minerals Inc., a Canadian corporation, alleging claims for breach of contract and conversion. A summons and a copy of the Complaint were served on Dorex's representative on November 7, 2012. Dorex failed to timely answer the Complaint, and on January 3, 2003, the Clerk entered a default pursuant to Federal Rule of Civil Procedure 55(a). Miller has now filed a Motion for Entry of Default Judgment.

In his Complaint, Miller alleges that he agreed to purchase 500,000 units of a Dorex private placement offering for $50,000 in Canadian Dollars. Each unit consisted of one share of Dorex common stock and one warrant that could be converted into one share of Dorex stock by paying Dorex $0.13 per share Canadian at any time within two years after the closing of the private placement. On May 28, 2009, Miller paid Dorex $44,851.09 in U.S. Dollars, which was equivalent to $50,000 Canadian Dollars based the Bank of Canada's official closing exchange rate on May 28, 2009. Dorex cashed Miller's check and issued a certificate to Miller representing 500,000 common shares of Dorex stock, which gave Miller the right to sell, transfer or hypothecate the 500,000 shares

beginning December 11, 2009. Although Dorex treated Miller as a Dorex shareholder after that date, in December 2009, Dorex's representatives began to assert that Miller had underpaid for his shares of stock by approximately $1,800.

In February 2010, Miller, through his broker, sought to have a restrictive legend printed on his certificate removed to allow him to trade the shares represented by his certificate. Miller followed all of the required procedures for the removal, but Dorex refused his request based on its assertion that Miller owed Dorex additional funds for the shares.

Miller filed the instant case alleging that Dorex breached the contract that was formed when Dorex accepted Miller's check for $44,851.09 U.S. Dollars and issued Miller a certificate for 500,000 shares of Dorex common stock. Miller alleges that Dorex breached the contract by refusing to remove the restrictive legend on his certificate, which would have allowed him to obtain shares to sell or transfer. Miller also alleges that, by cashing Miller's check and then refusing to remove the restrictive legend on Miller's certificate, Dorex wrongfully assumed dominion and ownership over Miller's money, thereby converting Miller's money.

### *Standard*

Dorex is a corporation and, therefore, is not a minor, an incompetent person, or a current member of the military service. Fed. R. Civ. P. 55(b); 50 U.S.C. app. § 521; *see also Bd. of Trs. of the Sign Pictorial & Display v. Preferred Exhibitor Serv.,* No. C-04-2826 MJJ, 2005 WL 43958, at *1 (N.D. Cal. Jan. 10, 2005) ("As a corporation, Defendant is not a unrepresented minor, an incompetent person, or a person in military service."). Dorex's status thus does not preclude entry of a default judgment.

It is well-established that once a default is entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995); *Cotton v. Slone*, 4 F.3d 176, 181 (2d Cir.

1993). Therefore, by its default, Dorex has admitted all facts to establish its liability, and Miller is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).

*Relief*

For his breach of contract claim, Miller seeks a total award of $234,187.71, consisting of various components. First, Miller requests $149,216.74 U.S. Dollars for the lost opportunity of selling his 500,000 shares of Dorex stock in December 2010, at a price equal to the average of all the daily closing prices for December 2010 (500,000 shares x .301).[1] (Compl. Ex. 12.) Second, Miller requests $84,770.97 U.S. Dollars for denying Miller the right to convert his warrants into shares that he could have sold, based on the sale of 500,000 shares of Dorex stock in December 2010 at the average daily closing price for that month, less the cost of converting the warrants to shares ($150,500 - $65,000 = $85,500 Canadian Dollars). Finally, Miller requests $75 for the processing fee he paid to Pershing for removal of the restrictive legend and $125 for the rejection fee Pershing charged when Dorex refused to remove the restrictive legend. Having reviewed these amounts, the Court concludes that Miller is entitled to a total award of $234,187.71 for breach of contract.

Miller also requests an award of attorney fees, but the Court will deny this request because Miller fails to identify a basis—contractual or otherwise—for such an award.

Finally, Miller requests an award of prejudgment interest from December 2010 until the date the judgment is entered. The Court concludes that Miller is entitled to prejudgment interest pursuant to M.C.L. § 600.6013(2). However, prejudgment interest is allowed only from the date of filing the complaint. M.C.L. § 600.6013(2). Miller does not specifically request an award of precomplaint interest, nor does he cite any authority for such an award. Under Michigan law, a court may award precomplaint interest as an element of damages in order to allow full compensation. *See Gordon*

---

[1] Miller states that the exchange rate he used for his calculation is the average of all Bank of Canada official daily closing exchange rates for the 18 days Dorex shares traded in December 2010. (Compl. Ex. 13.)

*Sel-Way, Inc. v. Spence Bros., Inc.*, 438 Mich. 488, 499 & n.9, 475 N.W.2d 704, 711 & n.9 (1991). In the instant case, however, the Court concludes that an award of precomplaint interest is unnecessary to fully compensate Miller.[2] Finally, Miller is entitled to postjudgment interest pursuant to 28 U.S.C. § 1961. *Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co.*, 421 F.3d 400, 409 (6th Cir. 2005) ("In diversity cases in this Circuit, federal law controls postjudgment interest but state law governs prejudgment interest" (internal quotation marks omitted)).

### *Conclusion*

In conclusion, the Court will grant Miller's Motion for Entry of Default and enter judgment in favor of Miller in the amount of $234,187.71, together with prejudgment and postjudgment interest.[3]

An Order and Judgment consistent with this Opinion will enter.

Dated: May 1, 2013 `              /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                   UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Miller's damage calculation is based on the price of Dorex stock during December 2010—the period in which Dorex common stock reached its all-time high. The damage calculation assumes that Miller is the rare investor who has the extreme good fortune of selling at the right time. Had Miller sold within six months before or after December 2010, the amount of his lost opportunity would have likely been significantly lower.

[3] In light of the award on the breach of contract claim, the Court need not address Miller's damage calculations for his conversion claim. Moreover, Miller's conversion claim fails as a matter of law because under Michigan law, a claim will lie for conversion of money only if the defendant had an obligation to return the specific money entrusted to his care. *Head v. Phillips Camper Sales & Rental, Inc.*, 234 Mich. App. 94, 111, 593 N.W.2d 595, 603 (1999). Here, Miller does not allege that Dorex was obligated to return any money to him, let alone the specific money Miller paid for his shares.